562 A.2d 864

**COMMONWEALTH of Pennsylvania**

v.

**Maxwell Harry BURDGE, Appellant.**

Superior Court of Pennsylvania.

Argued April 19, 1989.

Filed July 27, 1989.

Arthur Goldberg, Harrisburg, for appellant.

Ralph A. Germak, Dist. Atty., McAlisterville, for Com., appellee.

Before ROWLEY, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

Maxwell Burdge appeals from the discretionary aspects of a judgment of sentence imposed following his convictions for involuntary manslaughter, aggravated assault, two counts of reckless endangerment, possession of an instrument of crime and attempted criminal homicide. Burdge was sentenced to two and one-half to five years imprisonment for involuntary manslaughter, ten to twenty years imprisonment for aggravated assault, and one to two years imprisonment for reckless endangerment. These sentences were to run consecutively. We determine that Burdge presented us with a substantial question in claiming that the trial court sentenced him significantly in excess of prior and pending sentencing guidelines, and so we reach the

merits of his appeal. However, we find that the trial court committed no abuse of discretion and therefore affirm.

This case arose out of a domestic dispute which occurred on March 10, 1988 between appellant Maxwell Burdge and his girlfriend, Kimbra Powley. Burdge discharged a twelve gauge, double barrel shotgun into a motor vehicle occupied by Powley, her two year old brother, Joshua Mefford and her five year old daughter, Cassandra Paden. As a result of the shooting, Cassandra Paden died, Kimbra Powley lost the sight of her right eye and Joshua Mefford received injuries to his hand and forearm. A jury convicted Burdge of involuntary manslaughter in the death of Cassandra Paden, aggravated assault of Kimbra Powley, reckless endangerment of Kimbra Powley and Joshua Mefford and possession of an instrument of crime. The trial court merged the crime of reckless endangerment against Kimbra Powley with the offense of aggravated assault against her for sentencing purposes. In addition, the trial court placed Burdge on five years probation to follow the completion of this sentence for the offense of possession of an instrument of crime. Burdge filed a timely motion to modify sentence which was denied.

Burdge argues that the trial court abused its discretion by: 1) imposing an excessive sentence in light of the underlying crimes; 2) failing to follow the merger doctrine enunciated in *Commonwealth v. Williams*, 514 Pa. 124, 522 A.2d 1095 (1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2852, 101 L.Ed.2d 889 (1988); and, 3) improperly applying the mandatory minimum sentence for use of a firearm during the commission of a crime, § 42 Pa.C.S. § 9712.

■ Burdge does not challenge the legality of his sentence. Thus, an appeal in this case is not taken as a matter of right. *See* 42 Pa.C.S. § 9781(a). Rather, Burdge challenges the discretionary aspects of the sentence. As such this appeal must be considered as a petition for permission to appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 18 (1987). We, as an appellate court, may allow such an appeal "where it appears

that there is a substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S. § 9781(b).

Burdge has complied with the mandate of *Tuladziecki* by setting forth a statement of the reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f). Thus, we proceed to consider whether Burdge has demonstrated the existence of a substantial question. "It is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Id.*, 513 Pa. at 515, 522 A.2d at 20.

■ Burdge argues that the length of his sentence is much greater than that suggested by the sentencing guidelines previously in effect. In *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 372–73, 539 A.2d 840, 841 (1988) this Court, sitting en banc, found that a substantial question existed when the sentence imposed was almost twice as long as that recommended by the sentencing guidelines. While we recognize that no sentencing guidelines were in effect in the present case, the sentence imposed considerably exceeded the recommendations of both the prior and pending sentencing guidelines. Therefore, we find that the propriety of the sentence presents a substantial question and we will review the merits of Burdge's claim.

■ Initially Burdge argues that the trial court abused its discretion by imposing a sentence based solely on the nature of the crime without considering the protection of the public or his rehabilitative needs. The imposition of a proper sentence is a matter which is vested in the sound discretion of the trial court, and will not be disturbed unless the sentence exceeds the statutory maximum or is so excessive as to constitute a manifest abuse of discretion. *Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985). In the exercise of this discretion the trial court must consider the history, character, and the condition of the defendant, his rehabilitative needs, and the need for protection of the public as well as the gravity of the

offense. *Id.*, *Commonwealth v. Martin*, 328 Pa.Super. 498, 477 A.2d 555 (1984), 42 Pa.C.S. § 9725.

Burdge argues that the trial court violated these principles when it failed to consider his background and rehabilitative needs, focusing solely on the nature of the crime. This argument, however is not supported by the record. Initially, we note that Burdge's sentence for each crime was within the statutory limits. Furthermore, a review of the record indicates that Judge Quigley utilized the findings of a comprehensive presentence report in imposing his sentence. Recently, in *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), our supreme court held that where a presentence report exists it will be presumed that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating factors. When the sentencing court has been informed by such a pre-sentence report, its discretion should not be disturbed, particularly where it can be shown that the judge had any degree of awareness of the sentencing considerations. *Id.* The pre-sentence report ordered by Judge Quigley included background information concerning Burdge's family, work experience, criminal record, education, intelligence, mental, emotional and physical health, his version of the incident and statements of some of the victims and family members. In light of this report, Judge Quigley was well informed and did make a balanced judgment in arriving at Burdge's sentence. Thus, we find this issue to be without merit.

■ Next, Burdge argues that the crime of aggravated assault with respect to Kimbra Powley merges with the crime of reckless endangerment with respect to Joshua Mefford. Burdge contends that the offense of aggravated assault against one person includes the lesser offense of reckless endangerment of *another* person who is a victim of the same crime. A review of current case law relative to the merger doctrine compels us to disagree. The merger doctrine cited by Burdge, was enunciated by our supreme court in *Commonwealth v. Michael Williams*, 514 Pa. 124,

522 A.2d 1095 (1987), *cert. denied,* — U.S. —, 108 S.Ct. 2852, 101 L.Ed.2d 889 (1988). In *Michael Williams,* our supreme court set forth a test for determining when merger of several crimes was appropriate. This test focused on whether the crimes necessarily involved one another and whether they caused more than one injury to the Commonwealth. In determining whether merger was appropriate the *Michael Williams* court utilized a two-pronged test articulated by this Court in *Commonwealth v. Leon Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) (firearms) as follows:

> In order to find that separate statutory offenses merge, we must therefore determine not only that the crimes arose out of the same criminal act, . . . but also that the statutes defining the crimes charged were directed to substantially the same harm or evil. If we do not take both of these steps, we fail in our duty to effectuate the legislative mandate in carrying out statutory punishments.

*Commonwealth v. Leon Williams,* 344 Pa.Super 108, 126–128, 496 A.2d 31, 41–42 (1985) (firearms).

Most recently, our supreme court has overruled *Michael Williams,* in part, holding that "except for lesser included offenses, the doctrine of merger based on whether the Commonwealth has an interest in prosecuting a criminal defendant for more than one crime is hereby abrogated and abolished." *Commonwealth v. Leon Williams,* 521 Pa. 556, 564, 559 A.2d 25, 29 (1989) (attempted robbery). In the companion case of *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989), decided the same day as *Leon Williams* (attempted robbery), the supreme court held that if a person commits one act of criminal violence and that act is the only basis upon which he may be convicted of another crime, the act will merge into the other crime for sentencing purposes. Both *Weakland* and *Leon Williams* (attempted robbery), however, addressed only the necessity of merger when a defendant commits multiple criminal acts against a single victim. These cases did not hold that a lesser offense

against one victim must be merged with the greater offense committed against another victim. Where there are multiple victims of a defendant's criminal conduct, separate punishments are not barred by the merger doctrine. This is true even where there is only a single criminal transaction. *Commonwealth v. Gray*, 339 Pa.Super. 385, 489 A.2d 213 (1985). In *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), when reviewing a sentence for multiple injuries resulting from a single act, our supreme court interpreted 18 Pa.C.S. § 2705, Recklessly Endangering Another Person, as protecting each individual person being placed in danger of death or serious bodily injury, and held that a separate offense is committed for each person placed in such danger. Thus, the supreme court affirmed the sentencing court's imposition of nine separate sentences for recklessly endangering another person as a result of the single action of propelling an automobile through an intersection and injuring nine people. We do not read *Weakland* and *Leon Williams* (attempted robbery) as overruling the supreme court's holding in *Frisbie*. Thus, the sentencing court in the present case appropriately merged the crimes of aggravated assault and reckless endangerment as to Kimbra Powley and separately sentenced Burdge for recklessly endangering Joshua Mefford.

■ Last, Burdge argues that the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712 is inapplicable because the firearm used in the crime "constituted the crime itself". We disagree. The Act provides that:

Sentences for offenses committed with firearms.

(a) Mandatory sentence. Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), *aggravated assault* as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, *shall, if the person visibly possessed a firearm during the commis-*

*sion of the offense, be sentenced to a minimum sentence of at least five years* of total confinement notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9712(a) [Emphasis added]. Burdge was convicted of aggravated assault, which is one of the crimes included under Section 9712. Burdge was found to have *visibly possessed* a double barrel shotgun *during the commission* of the aggravated assault. Thus, the trial court properly utilized 42 Pa.C.S. § 9712 in imposing a sentence for this offense.

Judgment of sentence affirmed.