564 A.2d 512

**COMMONWEALTH of Pennsylvania**

v.

**Quinterio SMART, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1989.

Filed Oct. 4, 1989.

Thomas L. Kearney, York, for appellant.

H. Stanley Rebert, Dist. Atty., York, for Com., appellee.

Before BROSKY, BECK and HOFFMAN, JJ.

BROSKY, Judge.

This is an appeal from a judgment of sentence imposed upon appellant after he was convicted of burglary but acquitted on charges of robbery, two counts of rape and involuntary deviate sexual intercourse. Appellant raises one issue for our consideration: whether the sentencing court abused its discretion by imposing a sentence which was too severe and excessive under the circumstances.

Upon considerable reflection and consideration of all arguments and considerations, we vacate the judgment of sentence and remand for resentencing.

Appellant participated in the burglary of a home used as a shelter for abused women. Two women testified that they were raped during the commission of the crime and that appellant participated in the rapes. The appellant, however, testified that he had been drinking when approached by two individuals to commit a burglary and/or robbery. According to his testimony appellant led the individuals to the home but then indicated an unwillingness to participate further and left. At the conclusion of a jury trial, appellant was convicted of burglary but acquitted of the remaining charges.

At sentencing it was indicated that at the age of 14 or 15, appellant had knocked a five year old off a bicycle and ridden off on it. Appellant was discharged from a home for boys for this behavior. However, according to the record, other later juvenile placements resulted in satisfactory adjustments. Despite the fact that the guideline sentences for burglary were 12–29 months in the standard range and 29–36 months in the aggravated range, appellant was sentenced to eight to twenty years imprisonment; thus representing a minimum sentence of two and a half times the outside of the guideline sentence in the aggravated range.[1] This sentence was imposed despite a recommendation in the pre-sentence investigation report of a sentence of imprisonment in a two and one half to five years range. The report also mentioned that it was the practice of the local court to impose a long county or short state prison sentence for such convictions of burglary. It is further

[1] We make reference to the sentencing guidelines despite their invalidation on procedural misgivings in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1988). In addition, we believe the guidelines, despite their invalidation, remain a useful reference guide to sentencing practices on a statewide basis. Thus, although the guidelines do not require compliance currently, they still remain a helpful guide to not only fashioning an appropriate sentence but in reviewing the reasonableness of an imposed sentence.

522

noteworthy that appellant had charges pending against him for other serious offenses.

Upon considerable review of appellant's contention, that the trial court abused its discretion in imposing sentence, we are inclined to agree with that contention and therefore vacate the sentence imposed. We believe this conclusion should be reached simply in consideration of the sentence imposed, the conviction returned and the so-called aggravating circumstances offered by the trial court to justify the sentence imposed. However, we believe this conclusion is further compelled in light of the fact that appellant was acquitted of several other charges. The circumstances of the present case, in our opinion, invite a tremendous amount of suspicion that the trial court was simply disregarding the jury's verdict of not guilty of the various charges other than burglary and imposing sentence as if appellant had been convicted of those charges. This is a situation which can erode the confidence in the jury trial system and violates the convicted individual's fundamental right to be judged by a jury of his peers.

We start our discussion with a recitation of the general standard to be applied to our review. It is axiomatic that sentencing is within the discretion of the sentencing court and that the sentence imposed will not be disturbed absent an abuse of discretion. *Commonwealth v. Edrington*, 490 Pa. 251, 416 A.2d 455 (1980). However, this deference paid to the trial court does not necessitate a rubber stamped approval of the sentences imposed by the sentencing court. Appellate review of sentencing matters would become a mockery and a sham if all sentences were routinely affirmed under the guise of discretion of the trial court. Further, it must be considered our function to review sentences in a more detached manner so that we can ensure not only a fair and impartial sentence under the circumstances, but also to protect against grossly disparate treatment of like offenders throughout the Commonwealth. It should also be understood that a finding of an abuse of discretion does not necessarily equate with a finding of bias

or wrongdoing on the part of the sentencing court, but rather is consistent with a finding that a reviewing body believes the sentence inappropriate under the circumstances to a degree beyond the bounds of reasonable discretion and deference to the sentencing court. Thus, among other things, an abuse of sentencing discretion can be found if the sentencing court issues a sentence which is manifestly excessive. See, *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986), and cases cited therein.

Looking first to the conviction of burglary, we do not believe the so-called aggravating circumstances justified the sentence imposed here. The minimum side of eight years, as it happens, was more than two and a half times greater than the outside of the aggravated range of 29–36 months. The trial court indicates that it was an aggravating factor that the target of the burglary was a home for abused women. Yet burglary is, at least considering its common law roots, a crime against a dwelling, not a crime against an individual, and it would seem rather immaterial who occupies the dwelling.

The court also indicates as an aggravating factor appellant's action, at 15 years of age or less, in knocking a five year old off a bicycle and stealing it. Although such behavior is not to be condoned and is most definitely anti-social, (as noted by the trial court), imprisonment for such behavior could lead to the incarceration of many a neighborhood bully. Meanwhile, the trial court apparently gave little credit to appellant for withdrawing from the criminal venture and the evidence that he was intoxicated at the time of the incident. Although these factors cannot be considered excuses for committing a crime they could be considered factors depreciating the voluntariness of the enterprise or depicting a reconsideration of the criminal endeavor. In either case they would seem to be factors tending to mitigate the gravity of the offense.

Furthermore, the fact that appellant was acquitted of all of the offenses which could be classified as those against the person would seem to be a mitigating factor as well.

Certainly, we do not see the justification in imposing an 8 to 20 year sentence when the standard sentencing range was 12 to 29 months and the sentence recommended to the court by the pre-sentencing investigator was two and a half to five years imprisonment.

We are further concerned because the facts of the present case create a strong suggestion that appellant is being punished for crimes of which he was acquitted. We note the trial court's insistence that he was sentenced only for the burglary charge. Yet it is entirely possible that the charges appellant was acquitted of, along with those charges pending disposition, were working subconsciously to make the trial court take a particularly hardened stance on sentencing. When these factors are put completely out of mind, the sentence imposed makes little sense and seems very harsh when considered relative to the guidelines. However, were one to consider, in a hypothetical sense, that appellant had been convicted for all of the crimes charged, the sentence might be considered appropriate. Thus, regardless of the actual influence the acquittal had upon the trial court, the situation has, at the minimum, an appearance of a make-up type of sentence. Similar to the area of law regarding judicial bias, which compels against even the appearance of partiality, bias or interest, we believe sentences imposed under the present circumstances must be closely scrutinized to prevent not only the appearance that an individual is being sentenced, in reality, for crimes the jury rendered an acquittal verdict, but also to protect against a possible subconsciously influenced sentence. To allow even an appearance of such a practice would erode the integrity of our criminal justice system.

Because we believe the circumstances presented here do not warrant such excessiveness of sentencing beyond the standard range, we must conclude that the sentence imposed here constitutes an abuse of discretion. Thus, we vacate the sentence imposed here and remand for resentencing in conformity with this opinion.

Judgment of sentence vacated, remanded for resentencing.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting.

Appellant, Quinterio Smart, appeals his sentence of eight to twenty years for burglary claiming that the sentencing court abused its discretion "by imposing a sentence which was too severe and excessive for the circumstances of the offense and the circumstances of the appellant." Before reaching the merits of appellant's claim this court must first determine whether Smart's challenge to the sentence is reviewable.

The right to appeal from a discretionary aspect of sentencing is not absolute. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Section 9781(b) of the Sentencing Code, 42 Pa.Cons.Stat.Ann. (Purdon 1982), provides that an "[a]llowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." Evaluations of what constitutes a "substantial question" are determined on a case by case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 200 n. 7, 535 A.2d 115, 119 n. 7 (1987). We are inclined to find the presence of a "substantial question" where the "appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

In arguing the existence of a substantial question, appellant asserts that his sentence is far in excess of the sentencing guidelines of 1982, 204 Pa.Code § 303.1 et seq. (replaced 1988) and the recommendations of the presentence report and that such excess must necessarily have been the result of impermissible considerations. I find that appellant has stated a substantial question for review. *See Commonwealth v. Burdge*, 386 Pa.Super. 194, 562 A.2d 864 (1989)

(substantial question where sentence is significantly in excess of prior or pending sentencing guidelines); *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977) (impermissible considerations). I further find, however, that close examination of the record in the instant case makes clear that the sentence imposed does not represent an abuse of discretion on the part of the sentencing judge. My reasons are as follows.

"The sentenc[ing judge] has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Devers*, 519 Pa. 88, 92, 546 A.2d 12, 13 (1988) (footnotes omitted); *see also* 42 Pa.Cons.Stat.Ann. § 9721(b) (Purdon 1982). The imposition of sentence by the trial judge will not be disturbed on review absent a manifest abuse of that broad discretion. *Commonwealth v. Plank*, 498 Pa. 144, 445 A.2d 491 (1982). Further, in determining whether there has been a manifest abuse of discretion, "we must give great weight to the sentencing judge's discretion as he is in the best position to measure various factors, such as the nature of the crime, the defendant's character, and the defendant's displays of remorse, defiance, or indifference." *Commonwealth v. Anderson*, 381 Pa.Super. 1, 17, 552 A.2d 1064, 1072 (1988). Thus, the reviewing court will not find an abuse of discretion where the trial judge has merely made an error of judgment. A manifest abuse of discretion will only exist where "in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or illwill [sic] as shown by the evidence or the record...." *Commonwealth v. Jackson*, 336 Pa.Super. 609, 627, 486 A.2d 431, 441 (1984) (citation omitted).

Appellant testified to the following at trial. He was employed by McDonald's where he worked with both victims. On the night in question appellant happened by chance to meet one of the victims, Kathy, at a bar. The two

of them talked at length at different times throughout the evening. At one point, Kathy entrusted appellant to help her recover the contents of her purse, and to guard that purse. During the course of the evening, Kathy also gave appellant her address for the purpose of meeting with him later in the week.

In addition to Kathy, appellant met two men, Cliff and Lou, at the bar that evening. He had not known them prior to that time. Appellant left the bar late that evening and was arriving at his home when he saw Cliff and Lou pulling up behind him in their car. Unbeknownst to appellant Cliff and Lou had followed him. They asked appellant if he wanted "to rob Kathy, or um, go with them." The two men told appellant they needed him because although they knew the address of the building Kathy lived in, they did not know her apartment number. Cliff and Lou had overheard Kathy telling appellant that she would give him her address.

Appellant told them she lived on the third floor and agreed to go with them. The three arrived at the building and climbed the fire escape to the victims' third floor apartment. Cliff jimmied the door and he and Lou entered the apartment. They heard a noise and Cliff pulled out a gun. Appellant asked Cliff what he was doing and Cliff answered that he was going to "pop" somebody.

Upon seeing the gun and hearing Cliff's answer, appellant ran down the fire escape. Lou followed appellant and was on a fire escape landing about midway to the ground as appellant reached the pavement below. Just as he reached the ground, appellant observed Kathy pull up in a car and get out. Appellant, still involved in the criminal enterprise, signalled to Lou that Kathy had arrived. Appellant then ran home.

At trial, the two victims testified that they had been sexually attacked by one man and that that man was appellant. The jury, however, acquitted appellant of two counts of rape, one count of involuntary deviate sexual intercourse and one count of robbery. The jury found

appellant guilty of one count of burglary. At the time of sentencing, the court imposed an eight to twenty year sentence in state prison on the burglary charge.

Under the 1982 sentencing guidelines, which both appellant and the Commonwealth recognized as non-binding, a sentence in the aggravated range for burglary ranged from twenty-nine to thirty-six months. The presentence report recommended that appellant receive a sentence of two and one-half to five years imprisonment. The presentence report included a comment that in cases of burglary with a prior record such as appellant's the judges in York County usually gave either a long sentence in a county facility or a short sentence in a state prison. The report also included the statement of one of the arresting officers in the case that appellant "got away with one."

Responding to appellant's express concerns, the sentencing judge initiated the sentencing hearing by explicitly stating that he would not include in his considerations any of the allegations for which appellant was acquitted by the jury. The judge also stated on the record that he would not consider the statement by the arresting officer that appellant "got away with one." The judge then discussed appellant's history observing that appellant had been put out of a juvenile home for assaultive behavior and that one year later, at the age of fifteen, appellant had been arrested for stealing a bicycle after pushing its five year old owner to the ground. The judge then made observations about the nature and circumstances of this crime in light of appellant's history [1] and determined that (1) the crime showed disregard for the victims; (2) appellant's character reflected a willingness to endanger the well-being of others; (3) appellant posed a threat to the public because of the dangerous propensities in his nature; and (4) the entire range of violent and dangerous acts perpetrated by appellant demonstrated that appellant was not amenable to rehabilita-

1. Appellant committed the burglary approximately five years after the bicycle incident.

tion.  Appellant was then sentenced to eight to twenty years in state prison.

Though appellant's sentence is harsh, I would not find that it amounts to an abuse of discretion under the circumstances of this case.  There is ample support for the court's conclusions regarding appellant's character and the nature of this crime.  Without hesitation, appellant agreed to join two near strangers in the robbery of a woman he worked with and had befriended.  More importantly, appellant did not merely agree to go along for the ride:  he provided these two men with the information, i.e. Kathy's address [2], without which no robbery could have occurred.  Again, he did so without hesitation.

Appellant led Cliff and Lou to Kathy's apartment.  He decided to leave once he became aware that Cliff intended to shoot somebody.  However, prior to his flight he spotted Kathy's arrival.  Instead of calling out to warn her, or discretely walking up to her to prevent her from going to her apartment, appellant acted as a scout for Lou and Cliff.  He called up to Lou to alert them that Kathy was on her way up.  In essence, he left an unsuspecting woman to two men with a gun in the dead of night;  two men who had explicitly sought her out and found her with appellant's aid.  Thus, for a second time appellant willingly and without hesitation facilitated the opportunity for two strangers to work harm on a friend and workmate.

Appellant's admitted actions support the trial judge's conclusion that appellant demonstrated a dangerous propensity towards violent involvement.  With minimal instigation

---

**2.**  The record indicates that the victims lived in a building that sheltered battered women.  The sentencing judge weighed this factor against appellant in the court's sentencing considerations.  I agree with the implied observations of the trial judge that it shows an appalling lack of conscience to participate in the burglary or robbery of a woman who has come to live in a setting that is meant to act as a last refuge and sanctuary for those who have been the victims of past brutal acts.  It is not clear from the record whether the court could infer that appellant knew Kathy lived in a shelter for battered woman.  Because this fact is not decisive in upholding the sentence imposed, we need not address whether appellant was aware or not that Kathy lived in a shelter for battered women.

530

appellant has proved himself willing to place members of the public, including those he knows and works with, in grave danger. Seen in this light, the assaultive behavior in the juvenile home and the attack on a five year old child by the fifteen year old Smart do not merely reflect the actions of a typical bully. Rather, appellant's earlier misdeeds presage the mind of an adult who has little or no regard for the right of people to be free from fear and violence. Moreover, appellant's acts have been aimed at just those members of the public who are least able to protect themselves from physical violence, small children and vulnerable women.

I would thus find that there is support in the record for an unusually harsh sentence for burglary under the unusual circumstances of the burglary in this case. I am not persuaded by the majority's assertions that the trial judge's sentence should be questioned because the judge did not consider appellant's testimony that he was drunk, that the crime appellant was actually convicted of was a crime against property and not persons and that appellant withdrew from the robbery scheme. First, the extreme disregard for the victim's safety in this case cannot be excused by alleged drunkenness. Second, this court has previously noted that burglary is a felony of the first degree that is recognized as a crime of violence. *Commonwealth v. Prengle,* 293 Pa.Super. 64, 68 n. 4, 437 A.2d 992, 994 n. 4 (1981). Nor need the judge have limited his sentencing considerations to the elements of burglary when appellant himself admitted acts that facilitated the violence that later occurred. Likewise, any credit appellant merits for his withdrawal from the robbery is severely diminished by his decision to warn Lou and Cliff of Kathy's presence rather than vice versa.

Appellant also claims that the court based its sentence on impermissible considerations. He argues we should infer that the trial judge disregarded the jury's verdict of acquittal and in effect sentenced appellant for all the charges in this case. Appellant recognizes that the trial judge stated

explicitly on the record that he would not take the charges the jury had acquitted on into consideration at sentencing. Appellant claims, however, that we must assume that the judge did in fact do just that because (1) we must guard against the danger that trial judges will ignore the jury's verdict; (2) there is no other reasonable explanation for the sentence; and (3) there was compelling evidence of guilt in the record that the jury chose not to believe.

As a general principle, I agree that our courts should be concerned where a trial judge surreptitously attempts to circumvent the jury's verdict to impose his or her own will in a case. However, I disagree with appellant's conclusion that such were the circumstances in this case. First, as stated *supra*, there is testimony of record that supports the judge's determination regarding the nature of the crime and the character of appellant in the instant case. Thus, there is an explanation for the harshness of the sentence other than the judge's attempt to override the jury verdicts. In addition, we must be mindful of the broad discretion that is traditionally given the sentencing judge. In light of these two factors, I find that we must accept as true the trial judge's explicit statement that he would not consider the charges on which appellant was acquitted.

For all of the above stated reasons, I respectfully dissent and would affirm the judgment of sentence.