J-S68041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MISTY KING, | : | |
| | : | |
| Appellant | : | No. 509 WDA 2016 |

Appeal from the Judgment of Sentence March 15, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001201-2015

BEFORE:    SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 18, 2016**

Misty King (Appellant) appeals from the judgment of sentence entered after she was convicted of receiving stolen property.  We affirm.

The incident giving rise to this case occurred at approximately 4:00 a.m. on June 22, 2015 in North Union Twp., Fayette County, Pennsylvania.  Pennsylvania State Police were dispatched to J.C.'s Pool Hall for a reported robbery.  Two men, Matthew Marquis and Shane Shipley, were transported by [Appellant] to the establishment.  Mr. Shipley, while outfitted in a Spiderman mask, pretended to brandish a firearm and demanded the two cash register drawers and the $1,672 in cash and coins therein.  After taking possession of the items, the men were transported back to [Appellant's] residence where the police eventually caught up with them and found the register drawers in an outside dumpster.  [Appellant] attempted to flee and then concealed herself before being apprehended by the police.

[Appellant] was charged with conspiracy to commit robbery and receiving stolen property.  On March 8, 2016, [Appellant] was convicted by a jury of receiving stolen property, and on March 16, 2016, [Appellant] was sentenced to seventeen

*Retired Senior Judge assigned to the Superior Court.

(17) months to three (3) years in prison, followed by a two-year consecutive term of probation. …

* * *

On March 21, 2016, [Appellant] filed a timely post-sentence motion challenging the severity of her sentence. On March 28, 2016, the [trial c]ourt denied the motion…. This timely appeal followed.

Trial Court Opinion, 6/3/2016, at 2-3 (citations, footnote, and unnecessary capitalization omitted). Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents this Court with two questions: (1) "Did the sentencing court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?" and (2) "Did the sentencing court fail to articulate a reasonable basis for sentencing Appellant in the aggravate[d] range of the Pennsylvania sentencing guidelines?" Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of her sentence. We consider her questions mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 2 -

* * *

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence. Although Appellant's brief does not contain a statement pursuant to Pa.R.A.P. 2119(f), that failure does not preclude review because the Commonwealth has not objected. *Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015) (citing

*Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) ("If an appellant fails to comply with R.A.P. 2119(f) and appellee fails to object, this Court may review appellant's claims with regard to the discretionary aspects of sentence.")). We thus consider whether Appellant has presented a substantial question for our review.

Appellant's first claim, that the sentence is excessive for the crime at issue and is in fact punishment "for crimes of which she was acquitted," Appellant's Brief at 11, raises a substantial question. *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (holding substantial question raised by claim that sentence was based upon an improper factor). Similarly, Appellant's claim that the trial court failed to state on the record adequate reasons for imposing an aggravated-range sentence raises a substantial question. *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). Accordingly, we shall address the merits of Appellant's claims, which together amount to the argument that the trial court did not state on the record valid reasons for sentencing her as it did.

The parties agreed that Appellant had a prior record score of four, and was convicted of a first degree misdemeanor with an offense gravity score of three.[1] N.T., 3/15/2016, at 3. Accordingly, the sentencing guidelines provided for a standard range sentence with a minimum of three to 14

---

[1] The statutory maximum sentence is five years of imprisonment. 18 Pa.C.S. § 1104(1).

months of incarceration and an aggravated range sentence with a minimum

of 14 to 17 months of incarceration. *Id.*

After review of the presentence investigation report, the trial court

opted for a sentence of 17 to 36 months of incarceration followed by two

years of probation. On the record at Appellant's sentencing hearing, the trial

court offered the following reasons for its decision.

> We have reviewed the letter from Stella Caccia, [Appellant's]
> aunt. We can only say that it is a familiar refrain that I hear that
> this person is a great person as long as they are not on drugs,
> basically is what I take from the letter, and unfortunately too
> many people are taking that first step into drugs and can't come
> back. It is like, evidently for a lot of people, like going over a
> cliff. And unfortunately, in addition to this offense, she has got a
> recent conviction for felony burglary. …
>
> * * *
>
> We are certainly disturbed by the fact that [Appellant] was
> convicted as recently as 2012 of burglary. It may be that she
> was revoked on, she was revoked on March 2, 2015. I am not
> sure why she was revoked. As there clearly was more to the
> sentence than we have got summarized because with a six
> month sentence on October 15, of [20]12, there wouldn't have
> been any legal way to revoke her on March 2 of 2015, and that's
> what we have. But it indicates that she was in jail for at least
> ten days and released with a drug and alcohol evaluation in
> March, and this offense occurs in June, only three months later.
> So we are certainly concerned about that. I might also note that
> having presided over the trial, the credible testimony was that,
> although she was not convicted of conspiracy, she did in fact go
> into J.C.'s, according to the testimony, ordered food, [left]
> without picking up the order, and was the driver of the car that
> brought Shipley and I believe it is Matthews, to J.C.'s for a
> robbery, to all of their benefit[. W]hile Mr. Shipley pretended
> that he had a handgun, there is no evidence that he actually had
> a handgun. No handgun was recovered and everyone has been
> fully consistent in saying that he was holding his finger or

another object under a sweatshirt. So this was a bluff. That said, it still could have been dangerous to somebody had the proprietor been armed, they might have shot Mr. Matthews or Mr. Shipley. It was a [r]obbery. She was not convicted of it. But certainly a preponderance of the evidence shows that her involvement is more than having received the stolen property. For all those reasons, we intend to sentence in the aggravated range….

*Id.* at 5-9.

We note that the trial court reviewed the presentence investigation report, and, thus, "we presume that the court properly considered and weighed all relevant factors in fashioning [Appellant's] sentence." **Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013). Further, the record reveals that the trial court was cognizant of the aggravated nature of the sentence it was imposing, and offered reasons for it: (1) past leniency had failed to dissuade Appellant from engaging in criminal conduct shortly after being released from imprisonment, and (2) Appellant certainly did not merely sit back and receive the property that the conspirators stole; rather, she was present at the scene and thereby helped create a potentially dangerous condition.

Appellant contends that the latter reason constitutes consideration of charges of which she was acquitted, which "would 'erode the integrity of our criminal justice system.'" Appellant's Brief at 12 (quoting **Commonwealth v. Smart**, 564 A.2d 512, 515 (Pa. Super. 1989)). We disagree.

In **Smart**, the defendant was acquitted of robbery, rape, and involuntary deviate sexual intercourse, but was convicted of burglary. The sentencing guidelines provided for a standard range of 12 to 29 months of imprisonment, with 29 to 36 months being the aggravated range. The presentence investigation report contained a recommendation of 30 to 60 months. The trial court imposed a sentence of 96 to 240 months of imprisonment "thus representing a minimum sentence of two and a half times the outside of the guideline sentence in the aggravated range." **Id.** at 513. The trial court's reasons for the sentence were that the burglarized building was a home for abused women and that Smart as a teenager had knocked a five-year-old off of a bike and stolen it.

This Court rejected the trial court's reasons, stating that "burglary is, at least considering its common law roots, a crime against a dwelling, not a crime against an individual, and it would seem rather immaterial who occupies the dwelling," and that although the bike incident "is not to be condoned and is most definitely anti-social, … imprisonment for such behavior could lead to the incarceration of many a neighborhood bully." **Id.** at 514. This Court also took issue with the fact that "the trial court apparently gave little credit to [Smart] for withdrawing from the criminal venture and the evidence that he was intoxicated at the time of the incident." **Id.** This Court went on to state:

We are further concerned because the facts of the present case create a strong suggestion that appellant is being punished for crimes of which he was acquitted. We note the trial court's insistence that he was sentenced only for the burglary charge. Yet it is entirely possible that the charges appellant was acquitted of, along with those charges pending disposition, were working subconsciously to make the trial court take a particularly hardened stance on sentencing. When these factors are put completely out of mind, the sentence imposed makes little sense and seems very harsh when considered relative to the guidelines. However, were one to consider, in a hypothetical sense, that appellant had been convicted for all of the crimes charged, the sentence might be considered appropriate. Thus, regardless of the actual influence the acquittal had upon the trial court, the situation has, at the minimum, an appearance of a make-up type of sentence. Similar to the area of law regarding judicial bias, which compels against even the appearance of partiality, bias or interest, we believe sentences imposed under the present circumstances must be closely scrutinized to prevent not only the appearance that an individual is being sentenced, in reality, for crimes the jury rendered an acquittal verdict, but also to protect against a possible subconsciously influenced sentence. To allow even an appearance of such a practice would erode the integrity of our criminal justice system.

*Id.* at 514–15. Under these circumstances, this Court held that the trial court's sentence was an abuse of discretion.[2]

---

[2] The dissent in **Smart** would have affirmed on the basis that "there is testimony of record that supports the judge's determination regarding the nature of the crime and the character of appellant in the instant case. Thus, there is an explanation for the harshness of the sentence other than the judge's attempt to override the jury verdicts." **Smart**, 564 A.2d at 518 (Beck, J., dissenting). Our Supreme Court granted allowance of appeal of this Court's split decision, 578 A.2d 928 (Pa. 1990), but subsequently dismissed it as improvidently granted, 592 A.2d 683 (Pa. 1991). Justice Larsen, joined by Justice McDermott, dissented to the dismissal, stating that the "Superior Court exceeded its scope of appellate review by substituting its view that the appellee should receive a sentence much more lenient than the lawful one imposed by the trial court. This was clearly an abusive usurpation of the sentencing power of the sentencing judge and should not

The instant case is clearly distinguishable from **Smart**. First, the reasons offered by the trial court for its sentence are valid, unlike the tenuous reasons cited by the **Smart** majority. Second, we discern no appearance of the subconscious influence of the acquittal verdict on the sentence herein. The trial court in this case noted that, although her involvement may not have risen to the level of a member of the robbery conspiracy, Appellant did act beyond just having stolen property appear at her residence. For that reason and the others stated, it sentenced her in the aggravated range for the charge of which she was convicted; it did not, as the court in **Smart** did, hand down a sentence more than twice that of one in the aggravated range, resulting in a sentence appropriate for someone who had been convicted on all pending charges rather than just the actual single conviction.[3]

For the foregoing reasons, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law,

---

be allowed." **Id.** at 686. We have not uncovered any subsequent appellate decision that has relied upon this Court's holding in **Smart**.

[3] The presentence investigation report is not part of the record before us. From review of the sentencing guidelines, it appears that, if convicted on the F1 conspiracy-to-commit-robbery count (which has an offense gravity score of 8) with her prior record score of 4, the standard range sentence would have been 21 to 27 months and the aggravated range 27 to 36 months. In other words, if Appellant was convicted on both counts, the trial court could have sentenced her to an aggregate sentence more than twice as long as the 17-to-36-month sentence that was imposed and still have been within the standard range.

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016