J-S22034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES H. SCHMIDTBERG | : | |
| | : | |
| Appellant | : | No. 1854 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 8, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000460-2017

BEFORE:  SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 04, 2019**

James H. Schmidtberg (Schmidtberg) appeals from the judgment of sentence of one to three years' incarceration imposed by the Court of Common Pleas of Clinton County (trial court) following a negotiated guilty plea to one count of Receipt of Stolen Property (RSP).  We affirm.

The facts are not contained in the briefs nor the trial court opinion and the guilty plea was not transcribed.  We, therefore, adopt the facts set forth in the criminal complaint.  On July 14, 2017, Officer Bryan Burger of the Lock Haven City Police Department responded to a report of a motorcyclist riding at a high rate of speed on a residential road.  Officer Burger spoke to Schmidtberg, who was standing next to a parked motorcycle.  Schmidtberg declined to identify himself, prompting the officer to radio dispatch with the motorcycle's registration information and vehicular identification number.

_____

* Retired Senior Judge assigned to the Superior Court.

Dispatch responded that the vehicle was listed as stolen from New Jersey. Schmidtberg was arrested and charged with, among other offenses, RSP graded as a Felony of the Third Degree.

On March 15, 2018, Schmidtberg agreed to plead guilty to RSP. In exchange, the Commonwealth withdrew the remaining charges and agreed to raise no objection to a standard range sentence. The submitted guilty plea documentation calculated Schmidtberg's minimum standard range sentence as nine to 16 months' incarceration based on a prior record score (PRS) of four and an offense gravity score of five.[1] Sentencing was postponed until October 8, 2018.

Working from those calculations, the Clinton County Probation Office prepared a pre-sentence report recommending a sentence of one to three years' incarceration. However, Schmidtberg and the Commonwealth later agreed that the PRS was incorrectly calculated. The new calculation, which was submitted to the court prior to sentencing, set Schmidtberg's PRS at three and the recalculated minimum standard range sentence was six to 16 months' incarceration. 204 Pa. Code § 303.16(a).

---

[1] The offense gravity score of five for RSP applies if the property in question was valued between $2,000 and $25,000. **See** 204 Pa. Code § 303.15.

Schmidtberg ultimately received a sentence of one to three years' incarceration. He did not file post-sentence motions and timely appealed, raising two challenges to the discretionary aspects of his sentence.[2]

Such challenges are not appealable as of right and must be considered as a petition for permission to appeal. **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id**. (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a

_____

[2] The brief presents those issues as:

> I. Whether the lower court committed an error of law / abuse of discretion in sentencing the appellant consistent with the recommendations contained in the pre–sentence investigation report (PSI) despite the fact that the PSI incorrectly attributed a prior record score of five (5) to the appellant, when, in fact, his prior record score was a three (3)[.]

> II. Whether the lower court committed an error of law / abuse of discretion in sentencing the appellant to a term of incarceration at a state correctional institution by failing to properly consider various aspects of Appellant's personal life, including Appellant's wife's health conditions, Appellant's voluntary attendance at numerous hearings during his time on bail, and his employment options in the local area[.]

Schmidtberg's Brief at 7.

concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." *Id*. (citation omitted).

Both claims fail the first requirement as Schmidtberg did not raise these issues at the time of sentencing or in a post-trial motion. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Lamonda*, 52 A.3d 365 (Pa. Super. 2012) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1273–74 (Pa. Super. 2006)). Timely requests give the sentencing judge an opportunity to correct its mistakes, if any. "Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions." *Commonwealth v. Reaves*, 923 A.2d 1119, 1131 (Pa. 2007) (emphasis in original).

In any event, both claims are meritless. As to the first issue, Schmidtberg argues that the trial court erroneously imposed a sentence consistent with the probation department's recommendation that was based on guideline calculations that proved to be incorrect. The trial court aptly explains why this argument fails: "Defendant ignores the obvious response which is that the Court sentences Defendant, not the Adult Probation Office.

This Court sentenced Defendant to a standard range sentence." Trial Court Opinion, 12/3/18, at 2.

The second claim is actually directed to the trial court's discretion as Schmidtberg claims that the court failed to consider a host of mitigating factors in imposing its sentence.[3] However, the trial court was well aware of those points as Schmidtberg presented them as a basis to consider his request for a county sentence with electronic monitoring. Contrary to Schmidtberg's assertion that "It is quite clear . . . that the trial court completely ignored" the mitigating circumstances, it is obvious that the trial court simply did not give those considerations the weight Schmidtberg would have liked. **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (reviewing court must presume court weighed the information disclosed to it; "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.").

Finally, Schmidtberg's argument fails to recognize the significance of the fact that his sentence was within the recommended guideline ranges. In support of a remand for resentencing, he relies on **Commonwealth v. Smart**, 564 A.2d 512 (Pa. Super. 1989), where the sentencing court imposed a

---

[3] In addition to failing to raise and preserve a claim that the judge failed to adequately consider these circumstances, this allegation generally fails to present a substantial question. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

sentence for burglary that exceeded the high end of the recommended aggravated range by over two and one-half times. We determined that the sentence constituted an abuse of discretion for various reasons, including the judge's failure to consider "factors tending to mitigate the gravity of the offense." *Id*. at 514.[4]

In this case, though, Schmidtberg's sentence was not only within the guidelines, it was within the standard range. Pursuant to 42 Pa.C.S. § 9781(c), when the sentencing court has imposed a sentence within the guidelines, we can vacate and remand only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). In **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007), our Supreme Court noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963. There is no basis to conclude this sentence was the product of irrationality.

Our review of the record is governed by 42 Pa.C.S. § 9781(d), stating that we shall consider the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

---

[4] **Smart** also expressed concern that the defendant was "being punished for crimes of which he was acquitted." *Id*.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id*.  Nothing about the imposed sentence raises a question as to its reasonableness under those standards.  Since the judge took into account the general standards of sentencing, 42 Pa.C.S. § 9721(b), we would affirm even if these issues were properly preserved and presented.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/04/2019