600 A.2d 1289

**COMMONWEALTH of Pennsylvania**

v.

**Wayne Charles WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1991.

Filed Dec. 24, 1991.

112

Peter G. Nychis, Pittsburgh, for appellant.

Pamela E. Miller, Asst. Dist. Atty., Pittsburgh, for Com.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Indiana County. We affirm.

Appellant Wayne Charles Wright pled guilty to four counts of third-degree murder, each graded as a felony of the first degree.[1] Wright was sentenced to a total term of imprisonment of fifteen to thirty years: on count 1, ten to twenty years; on count 2, five to ten years, to run consecutively to the sentence imposed on count 1; on count 3, five to ten years, to run concurrently with the sentence imposed on count 2; and on count 4, five to ten years, to run concurrently with the sentence imposed at counts 2 and 3. A motion to modify sentence was filed and denied. *See* Pa.R.Crim.P. 1410. On appeal, Wright claims the sentencing court abused its discretion in imposing a sentence within the standard range of the sentencing guidelines.

This case is one of a multitude of challenges to the sentencing judge's application of the guidelines.[2] Wright's

---

1. Murder of the third degree is a felony of the first degree. *See* 18 Pa.C.S. § 2502(c).

2. 204 Pa.Code Chapter 303, reproduced at 42 Pa.C.S. § 9721. The sentencing guidelines were adopted by the Sentencing Commission on February 22, 1988, effective April 25, 1988. These guidelines replace all previous sentencing guidelines. *See generally* Martin, *Interests and*

appeal does not question the sentencing court's discretion in imposing a penalty within the limits determined by the General Assembly; the sentence is clearly within the statutory range. *See* 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 1103(1). Wright asserts that the sentencing court abused its discretion in imposing sentence within the standard range of the guidelines when the circumstances warranted a sentence within the mitigated range.

In a challenge to the discretionary aspects of sentence, the appellant must invoke this court's jurisdiction by including in his or her brief a separate concise statement demonstrating that there exists a substantial question as to the appropriateness of the sentence under the Sentencing Code. *See* 42 Pa.C.S. § 9781; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 511–513, 522 A.2d 17, 19 (1987); Pa.R.A.P. 2119(f). Here, Wright has included in his brief a 2119(f) statement, and we have determined that he raises in that statement a substantial question as to the appropriateness of his sentence.[3] *See Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989); *cf. Commonwealth v. Ousley,* 392 Pa.Super. 549, 552–54, 573 A.2d 599, 601 (1990) (a conclusory assertion in the 2119(f) statement that the sentence exceeded the guidelines, without more, does not raise a substantial question).

Wright participated in setting a building on fire which resulted in the deaths of four people. Wright contends that certain mitigating factors, to wit, the fact that he was twenty-two at the time of the crime, the fact that he had been drinking alcohol prior to the crime, the fact that he was "encouraged" by others to participate in the crime, the fact that he had no other significant previous contacts with

*Politics in Sentencing Reform: The Development of Sentencing Guidelines in Minnesota and Pennsylvania,* 29 Vill.L.Rev. 21 (1984).

**3.** In his 2119(f) statement, Wright contends that the sentencing court failed to consider the "exceptional" circumstances of this case, and that therefore the court's imposition of sentence within the standard range indicates the court's failure to consider the mitigating factors. In particular, Wright enumerates the fact that he was drinking prior to the crimes, and the fact that he possesses a low intelligence quotient, causing him to be susceptible to the influence of others.

the criminal justice system, and the fact that he has a measured intelligence quotient of 72 and is susceptible to the influence of others, warrant a sentence within the mitigated range of the guidelines, and that in light of these exceptional circumstances the court abused its discretion in sentencing him within the standard range. He also maintains that the court, contrary to the mandates of the Sentencing Code, considered *only the serious nature of the crime* and disregarded other statutory considerations. *See* 42 Pa.C.S. § 9721(b) (sentence should call for confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant; the court shall also consider sentencing guidelines); *see also* 42 Pa.C.S. § 9725 (the court shall impose a sentence of total confinement if, upon consideration of the nature and circumstances of the crime and the history, character and condition of the defendant, total confinement is necessary because of undue risk of recidivism, defendant's need for correctional treatment, or a lesser sentence will depreciate the seriousness of the crime).

 Our review of a challenge to the discretionary aspects of sentence is limited; we will reverse only when the appellant has demonstrated a manifest abuse of discretion. *Commonwealth v. White*, 341 Pa.Super. 261, 270, 491 A.2d 252, 257 (1985). Having reviewed the record of the sentencing hearing, the parties' briefs and the relevant case law, we find no manifest abuse of discretion in the sentencing judge's decision, and we conclude that Wright's claim on appeal is meritless.

The Sentencing Code provides in part:

In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

42 Pa.C.S. § 9721(b). To summarize, a sentencing court need only *consider* the sentencing guidelines prior to imposition of sentence and, if it chooses to sentence outside the guidelines, explain on the record its reasons for the deviation. *Id.* When a court imposes sentence for a felony or misdemeanor, it must state on the record its reasons for the sentence imposed. *Id.* *See also Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Smith*, 369 Pa.Super. 1, 534 A.2d 836 (1987); Pa. R.Crim.P. 1405(b); *cf. Commonwealth v. Wareham*, 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978) ("we should not hold a statement of reasons insufficient, and therefore require vacat[ur] and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them.") The sentencing court is *not* required to state its reasons for sentencing within one *guideline range* over another.

The relevant section of the sentencing guidelines provides:

§ 303.3 Aggravating or Mitigating Circumstances

(a) When the court determines that aggravating or mitigating circumstances warrant, it *may* sentence within the aggravated or mitigated range provided in § 303.9 ...

204 Pa.Code § 303.3(a), 42 Pa.C.S. § 9721 (emphasis added). This language is discretionary, not mandatory. Thus, we are presented with the question of whether a sentencing court, when faced with mitigating circumstances, abuses its discretion when it chooses not to sentence within the mitigated range.

The sentencing judge is afforded discretion in order that he or she may account for the circumstances of the individual defendant. Our supreme court has held that a sentencing court abuses its discretion when it considers "the criminal act, but not the criminal himself ..." *Commonwealth v. Green*, 396 Pa. 137, 150, 151 A.2d 241, 247 (1959). The court must consider the nature of the criminal and the crime, and must tailor the punishment to fit both. Not

every consideration, however, can be preserved for appellate review. A remorseful countenance or an irreverent demeanor cannot be captured on the record. Indeed, a criminal defendant is not a standard entity who can fit neatly into the lines of a grid, and it is impractical to require or expect that each thought process entering into the sentencing decision will be documented.

The sentencing court here did not state why it chose not to sentence within the mitigated range of the guidelines, and we emphasize that it is not required to do so. In fact, recent case law indicates a reluctance to impose upon the sentencing court hypertechnical requirements which transcend its province. *See, e.g., Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988) (where presentence report exists, the reviewing court will presume that the sentencing court considered relevant factors and weighed those factors in a meaningful fashion); *Commonwealth v. Catanch,* 398 Pa.Super. 466, 581 A.2d 226 (1990) (requirement of contemporaneous written statement explaining any deviation from the sentencing guidelines is satisfied when a sentencing judge states the reasons for his actions on the record and in defendant's presence); *Commonwealth v. Clever,* 395 Pa.Super. 192, 576 A.2d 1108 (1990) (same); *Commonwealth v. Wilson,* 306 Pa.Super. 372, 452 A.2d 772 (1982) (a sentencing court's statement of reasons will not be deemed insufficient where it is plain that the court considered and applied the Sentencing Code even though it makes no explicit reference to the guidelines).

Here, the court stated on the record that it considered all the statutory factors, including Wright's limited intellect and the testimony of his family and friends. The court also considered Wright's family background, his work experience, his educational background, and his rehabilitative needs in addition to the gravity of the offense. The court stated as much on the record. 42 Pa.C.S. § 9721(b); *Commonwealth v. Rafalko,* 335 Pa.Super. 122, 483 A.2d 986 (1984).

The court also considered a presentence report prepared by the Indiana County Probation Department. *See Commonwealth v. Devers, supra; see also Commonwealth v. Burdge,* 386 Pa.Super. 194, 562 A.2d 864 (1989) (presentence report included information about defendant's background, including his family, work experience, criminal record, education, intelligence, and emotional and physical health and, thus, trial court did not abuse its discretion in imposing sentence despite defendant's claim that trial court failed to consider defendant's background and rehabilitative needs, focusing solely on the nature of the crime).

Finally, we note the significance of Wright's guilty plea to four counts of third-degree murder, each graded as a felony of the first degree. *See* 18 Pa.C.S. § 2502(c). A felony of the first degree is punishable by a term of imprisonment of up to twenty (20) years. *See* 18 Pa.C.S. § 1103(1).[4] Thus, the court, which sentenced Wright to a term of imprisonment of fifteen to thirty years, could have imposed a sentence with a maximum term of imprisonment of eighty (80) years. 18 Pa.C.S. § 1103(1). Furthermore, the Commonwealth in its indictment charged Wright with homicide, classified as murder generally.[5] Had Wright proceeded to trial, he may have been convicted of either first-degree murder or second-degree murder. 18 Pa.C.S. § 2502(a), (b). In addition to the various charges which were nol prossed in exchange for Wright's plea, Wright obviously received a break in the degree of guilt on the four counts of murder. The sentencing court was not unaware of the benefit Wright received in the plea agreement. The

4. Section 1103(1) of the Crimes Code provides that a person who has been convicted of a felony may be sentenced to imprisonment, "[i]n the case of felony of the first degree, for a term which shall be fixed by the court at not more than 20 years." 18 Pa.C.S. § 1103(1).

5. Wright was also charged with four counts of recklessly endangering another person, one count of arson, graded as felony of the first degree, one count of causing a catastrophe, graded as felony of the first degree, one count of conspiracy, and one count of criminal mischief. These charges were nol prossed in consideration of Wright's plea on the first four counts of murder.

court could properly consider this benefit in imposing sentence, and, in turn, factor this consideration into its sentencing decision.[6]

A sentencing court *may*, in the face of mitigating circumstances, sentence in the mitigated range of the guidelines. 204 Pa.Code § 303.3, 42 Pa.C.S. § 9721. It may choose not to do so, however, when the degree of guilt has already been mitigated. This is the essence of the sentencing judge's discretion. We decline to read section 9721(b) of the Sentencing Code and section 303.3 of the guidelines as inviting greater deference to the guidelines at the expense of this discretion. "Clearly, had the Legislature intended the Guidelines to remove the discretion of the trial judge from sentencing, it would not have included language in the Code that acknowledges inevitable instances of departure from them." *Commonwealth v. Frazier*, 347 Pa.Super. 64, 71, 500 A.2d 158, 161 (1985).

In conclusion, we find that the sentencing court in this case was well within its discretion in imposing sentence within the standard range of the guidelines. *Commonwealth v. White, supra.* The court considered the statutory factors, including the mitigating circumstances, sentenced within the guidelines, and stated its reasons on the record for the sentence imposed. 42 Pa.C.S. § 9721(b); *Commonwealth v. Riggins, supra; Commonwealth v. Martin, supra.* The court properly discharged its function, and was

---

6. We note that a sentencing judge's considerations in imposing sentence are not limited to the statutory factors set forth in the Sentencing Code. 42 Pa.C.S. § 9711 *et seq. See, e.g., Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d 442 (1980) (defendant's physical condition may be considered by the sentencing court in exercising its discretion in sentencing); *Commonwealth v. Thurmond,* 268 Pa.Super. 283, 407 A.2d 1357 (1979) (defendant's health); *Commonwealth v. Gallagher,* 296 Pa.Super. 382, 442 A.2d 820 (1982) (defendant's attitude); *Commonwealth v. Mattis,* 352 Pa.Super. 144, 507 A.2d 423 (1986) (defendant's perjury); *Commonwealth v. Lowe,* 361 Pa.Super. 343, 522 A.2d 614 (1987) (sense of shame); *Commonwealth v. Travaglia,* 502 Pa. 474, 467 A.2d 288 (1983), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984), *rehearing denied,* 468 U.S. 1226, 105 S.Ct. 27, 82 L.Ed.2d 920 (1984) (apparent remorse).

neither required to sentence within the mitigated range nor specify its reason for choosing not to do so.

Judgment of sentence affirmed.