## Commonwealth v. Hurd

494

C.P. of Adams County, no. CC-528-97.

*Michael A. George, district attorney,* for Commonwealth.
*Philip Levine,* for defendant.

SPICER, *P.J.*, April 17, 1998—Private First Class Michael D. Trostel, a member of the Eastern Regional Police Department in Adams County, Pennsylvania, filed a criminal complaint on May 30, 1997. He charged defendant with a number of sexual crimes, including aggravated indecent assault, 18 Pa.C.S. §3125(8). That subsection makes it a felony of the second degree when "a person . . . engages in penetration, however slight, of the genitals . . . of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures . . . if: the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other."

The section specifically excludes conduct covered by section 3122.1. That section reads:

"Except as provided in section 3121 (relating to rape) a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and that person are not married to each other."

Provisions defining aggravated indecent assault must be read in conjunction with definitions in section 3101, where "deviate sexual intercourse" is defined to include penetration by a foreign object, and sexual intercourse includes the oral variety. Thus, penetration under section 3125 must be construed to mean penetration with a body part, such as a finger, and not with a tongue.

The district attorney filed an information on July 29, 1997, charging defendant with numerous violations of the law. Included were Count 4, aggravated indecent assault—statutory; Count 7, corruption of minors; and

Count 8, furnishing intoxicants to a minor. At formal arraignment on that date, defendant appeared with counsel, entered pleas of not guilty to all charges and demanded a trial by jury.

A jury was selected December 8, 1997, and an in camera conference conducted concerning Rape Shield Law, §3104, issues. When defendant appeared for the commencement of the trial proper, he entered open pleas to Counts 4, 7 and 8. He was specifically notified that Count 4 required an assessment by the state sexual offenders assessment board to determine if defendant was a sexually violent predator. A presentence investigation was ordered and sentencing was deferred until March 6, 1998.

Facts presented during the plea colloquy indicated that defendant, who was 22 years old, took a 13-year-old female to a motel room during the evening of October 26, 1996 and provided her with alcoholic beverages. Temporary impotence caused by intoxication thwarted accomplishment of his goal of having sexual intercourse. Instead, he penetrated her vagina with his finger.

The record may not indicate this, but defendant did not appear for an evaluation by the board. The report provided by the court indicated that the board classified defendant as a sexually violent predator, since no evidence rebutted the statutory presumption. Both counsel were provided notice of and access to the report. By order dated February 9, 1998, the court scheduled a hearing "just prior to sentence," to determine defendant's status.

This apparently prompted a motion for extraordinary relief, based upon a constitutional challenge to the provisions of 42 Pa.C.S. §9791 et seq., hereinafter called "Megan's Law."[1] Ultimately, consideration of the mo-

---

1. We have seen various spellings of "Megan," including "Meagan." However, the most common seems to be the one we have chosen.

tion was also scheduled for a time prior to sentencing, by order dated March 2, 1998.

The court orally refused defendant's motion, and also refused a request for a temporary recess to allow an interlocutory appeal. This court found no justification for interrupting normal procedure, and directed that challenges to Megan's Law could and should be addressed through post-sentence motions. Accordingly, a hearing ensued during which defendant presented witnesses attesting to his reliability and character. Following the hearing, the court entered specific findings relating to factors described in section 9794(c). We noted that defendant had not overcome the statutory presumption by clear and convincing evidence, but that the finding would have been otherwise by a preponderance standard.

Defendant was classified as a sexually violent predator and sentenced as such.

Sentences imposed, other than those involving Megan's Law, were as follows:

Count 4: A suspended one- to four-year sentence in a state correctional institution. Defendant was allowed to serve the sentence locally, as long as he was a suitable prisoner at Adams County Prison. Costs were imposed.

Count 7 (incorrectly typed as 5 in the order of sentencing): A fine of $100, fees and charges and four years of probation concurrent with Count 4.

Count 8 (erroneously typed as 3 in the order of sentencing): A mandatory fine of $1,000, costs and a concurrent one-year term of probation.

Counsel were notified that constitutional challenges would be considered in post-sentence motions, without defendant being required to refile explicit grounds. At first, the undersigned determined that those motions

should be determined en banc, in order to decide whether Judge John D. Kuhn's decision in *Commonwealth v. Harget,* 39 Adams Co. L.J. 229 (1998), should be adopted by the entire court. However, upon reflection, this writer vacated an order for en banc consideration, after determining that the critical issue involved in the case sub judice was not considered by Judge Kuhn in *Harget.*

Defendant's request for modification of the sentence imposed on Count 4 apparently is based upon a misunderstanding of how guidelines are applied. He states:

"(3) The defendants (sic) concurrent sentence on Counts III, IV and V should be modified to reflect the standard range of sentencing guidelines in effect on or about October 26, 1996, being the date that the crime was to have occurred. The standard range for aggravated indecent assault is eight to 20 months for an offender who has a prior record score of zero, which is defendant's prior record score."

In ¶5 of his motion, defendant argues that he should have been sentenced under mitigated ranges, but in ¶6, contends that the sentence "was excessive and over the standard range of the sentencing guidelines in effect at the time of the crime."

Defendant's incorrect references to counts may have been caused by the sentencing order, and should be corrected from III, IV and V, to 4, 7 and 8.

Sentencing guidelines refer to minimal sentences. All sentences were within standard ranges, and were imposed after considering a presentence investigation report. These motions are summarily denied. See *Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893 (1996); *Commonwealth v. Wright,* 411 Pa. Super. 111, 600 A.2d 1289 (1991); *Commonwealth v. Adams,* 694 A.2d 353 (Pa. Super. 1997).

It is quite evident that an appellate decision is required, and is doubtlessly forthcoming, with respect to Megan's Law. We have considered Judge Kuhn's scholarly opinion in *Harget*, and understand that it has been appealed by the Commonwealth. We also understand that the Commonwealth, by appealing *Harget*, joins a considerable number of parties seeking appellate review of Megan's Law. The latest count with which this writer is familiar has the Commonwealth acting as appellant in a slight majority of those appeals. Extensive and exhaustive opinions have been written by a number of jurists, and we see little to be gained by adding more verbiage to the discussion. Although we think holdings that essentially say, bad law but constitutional, are entitled to thoughtful consideration, we dispose of most of arguments on the basis of *Harget,* for purposes of the appeal we are sure will follow this decision. However, we find a fatal defect in the statute, as applied to the case sub judice, based upon narrow, equal protection grounds.

Equal protection provisions intend that persons in like circumstances will be treated similarly. Provisions do not preclude the legislature from making classifications bearing a reasonable relationship to legitimate state interests, as long as classifications provide a non-arbitrary, reasonable and just basis for different treatment. When the right affected is fundamental, statutes are subject to a heightened standard of review. Other rights trigger review based upon a determination of whether there is a rational basis for the classification. *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995); *Appeal of Torbik,* 548 Pa. 230, 696 A.2d 1141 (1997); *Nicholson v. Combs,* 703 A.2d 407 (Pa. 1997).

Certainly, a person's freedom involves fundamental rights. However, we find that the distinction between

a defendant charged under section 3125(8) and one charged under 3121.1 cannot even meet a rational basis test. The elements of the crimes are identical, except that the latter, statutory sexual assault, involves sexual intercourse,[2] and the former, aggravated indecent assault, involves penetration by some other body part.

About the same time we dealt with defendant Hurd, the Commonwealth presented another case that involved almost an identical factual scenario. Another man, who took a 13-year-old girl to a motel room, and had sexual intercourse with her, was sentenced under section 3121.1.[3] That section is not subject to Megan's Law. The natural question is, why should one section be and the other not be subject to Megan's Law? The only answer seems to be, that's just the way it is, that's why. This judge defies anyone to rationally explain why penetration by a finger should be considered more serious than penetration by a penis. Megan's Law involves drastic possible sanctions. Distinguishing perpetrators, as the legislature did, on the basis of digital/penile penetration is, in our opinion, ludicrous.

There is no need to consider the validity of Megan's Law, other than as it is applied to 18 Pa.C.S. §3125(8), and we do not. We rule narrowly that application of Megan's Law to that subsection violates defendant's

---

2. The Crimes Code makes it clear that sexual intercourse is given its ordinary meaning, with some additional provisions added. 18 Pa.C.S. §3101. Apparently, the ordinary meaning is so well-known that many dictionaries provide no real definition. For example, The American Heritage Dictionary of the English Language (Houghton Mifflin Company), defines sexual intercourse as coitus, and coitus as sexual intercourse.

3. Obviously, the defendant was correctly charged and properly sentenced.

equal protection rights and, thus, resentence defendant without subjecting him to that law's requirements.

## ORDER

And now, April 17, 1998, the court finds that 18 Pa.C.S. §3525, subsection 8, violates the equal protection clause for reasons stated in an opinion to be issued contemporaneously with this order. The order of March 6, 1998, is vacated.

The sentence of the court is that on Count 4, aggravated indecent assault, the defendant is sentenced to a term of not less than one year nor more than four years in such state correctional institution as may be designated by the deputy commissioner for treatment, Department of Corrections.

He is directed to pay the costs and all fees and charges imposable by law. He shall be taken to the Diagnostic and Classification Center at Camp Hill for purposes of effectuating this sentence. For as long as the defendant is a suitable prisoner at Adams County Prison, imposition of the state sentence is suspended and the defendant may serve his time at Adams County Prison.

The sentence of the court on Count 7, corruption of minors, is that the defendant is directed to pay a fine of $100, a $25 public service fee, $10 law enforcement fee, $10 test fee, and a $25 per month local offender's supervision fee. The local offender's supervision fee shall be effective when the defendant is released from prison.

The defendant may request an evaluation of his financial condition at any time by the probation office with a recommendation of suspension or waiver of the local offender's supervision fee. He is placed on probation for a period of four years, subject to standard conditions.

The sentence of the court on Count 8, furnishing alcoholic beverages to minors, is that the defendant shall pay the costs and all fees and charges imposable by law and shall pay a mandatory fine of $1,000. He is placed on probation for a period of one year, subject to standard conditions.

All sentences shall run concurrently. All sentences shall be effective and run from March 6, 1998.

Both the defendant and the Commonwealth are notified that they have the right to appeal from this order within the next 30 days.

The defendant is notified that he has the right to proceed in forma pauperis, if he is indigent. He has the right to proceed with assigned counsel. If he feels that he needs or wants a lawyer and cannot afford to hire one, he should apply promptly on a form available through the clerk of courts office or the public defender's office, and if he qualifies, a lawyer will be provided him free of charge.

He is notified that he has the right to request the court to consider setting bail and to allow him to post bail pending the outcome of his appeal.

In the interim, Mr. Levine will prepare, file, litigate motions, perfect and litigate an appeal if, but only if, the defendant directs him to do so.