**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW LIEBERMAN | : | |
| | : | |
| Appellant | : | No. 2023 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 2, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0000926-2019

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 16, 2021**

Matthew Lieberman (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possessing 900 videos and images of child pornography.[1] Upon review, we affirm.

The trial court recited the factual and procedural history as follows:

> On August 29, 2018, the National Center for Missing and Exploited Children received information that a user with the username "Matthew Lieberman" had been uploading digital files of child pornography. The IP address that uploaded these files was the same as the one assigned to [Appellant's] residence at 1920 Carriage Knoll Drive, Bethlehem, Northampton County, Pennsylvania. On January 9, 2019, a search warrant was served on [Appellant's] residence. Numerous electronic devices were seized and were subject to analysis, revealing a total of 900 items of child pornography, which included 400 videos and 500 images,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d); **see also** N.T., 7/19/19, at 22.

many of which depicted sexual penetration of children as young as three years of age.

On July 19, 2019, [Appellant] pled guilty to [] possession of child pornography[.] This crime was graded as a felony of the second degree, punishable by up to ten years in prison and a $25,000 fine. The standard range sentence was thirty months to forty-two months as a minimum sentence in a state correctional institution.

\* \* \*

The [c]ourt sentenced [Appellant] to a term of imprisonment for a minimum period of thirty months to a maximum period of sixty months in a state correctional institution, as well as a consecutive term of twelve months of probation. Commencement of the sentence was delayed due to concerns with Covid-19 and [Appellant] was to be under house arrest until his sentence commenced on September 10, 2020. …

[Appellant] filed a post-sentence "Motion for Reconsideration of Sentence" on June 10, 2020. This [c]ourt denied [Appellant's] motion for reconsideration of sentence on September 10, 2020.

On October 9, 2020, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania from the [c]ourt's judgment of sentence entered on June 2, 2020. On November 3, 2020, pursuant to our request under Pa.R.A.P. 1925(b), we received [Appellant's] Concise Statement of Errors Complained of on Appeal.

Trial Court Opinion, 12/22/20, at 1-2, 19-20 (citations to notes of testimony omitted).

On appeal, Appellant presents a single question for our review:

Did the Trial Court err when it imposed a sentence inconsistent with the Sentencing Code and/or contrary to the fundamental norms which underlie the sentencing process, in that said sentence constituted an abuse of discretion because the sentence imposed represented an unreasonable and excessive sentence which failed to consider mitigating factors?

Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising his claim in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 22-26.

Appellant argues his sentence is "manifestly unreasonable and excessive" because the trial court "failed to consider mitigating factors." Appellant's Brief at 24. Appellant raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question.").

Preliminarily, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

**Commonwealth v. Nevels**, 203 A.3d 229, 247 (Pa. Super. 2019) (citation omitted).

Appellant acknowledges his sentence is within the guidelines. **See** Appellant's Brief at 31. However, Appellant argues the court, "failed to adequately consider mitigating factors and therefore imposed a sentence that was excessive . . . because the trial court sentenced [Appellant] to a term of incarceration in a state correctional institution, rather than impose an

appropriately tailored, below mitigated range sentence consisting of house arrest and/or county intensive supervision[.]" *Id.* at 31. Appellant cites his lack of a prior record, and references his intellectual disabilities, "and how these disabilities would affect his ability to engage in sex offender treatment in a state correctional institution." *Id.* at 24-25. Appellant states he "reads and writes at a third grade level. He benefits from strong family support, but suffers from ADHD, dyslexia, dysgraphia, and difficulty with auditory processing, which required special schooling[.] . . . These disabilities preclude him from benefitting from sex offender treatment in large settings, such as those available in a state correctional institution." *Id.* at 36. Appellant also references his enrollment "in therapy prior to sentencing, during which time he was cooperative, engaged, and making progress." *Id.* at 25. He thus claims the court should have imposed a "below mitigated range sentence" consisting of "house arrest and/or county intensive supervision[.]" *Id.* at 31.

In conducting appellate review, we will "vacate the sentence and remand the case to the sentencing court with instructions if it finds: … the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). In determining whether a sentence is "clearly unreasonable,"

> the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the

Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

**Commonwealth v. Coulverson**, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted). **See also** 42 Pa.C.S.A. § 9781(d).

With regard to confinement,

the court shall follow the general principle that **the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant**. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b) (emphasis added).

Further, where the judge has the benefit of a presentence investigation report, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Fowler**, 893 A.2d 758, 767-68 (Pa. Super. 2006); **see also Commonwealth v. Brown**, 249 A.3d 1206, 1212 (Pa. Super. 2021) ("when the trial court has the benefit of a presentence investigation [] report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein.") (citation omitted).

Here, our review confirms that the court — in addition to reviewing Appellant's presentence investigation report — "provided ample explanation"

on the record at sentencing.  ***See*** Trial Court Opinion, 12/22/20, at 33.  The court commented at length:

> [Appellant], I have reviewed the presentence investigation, the psychosexual evaluation, the sexually violent predator evaluation from the Pennsylvania [S]exual [O]ffenders [A]ssessment [B]oard.  For the record, the assessment board did not find that [Appellant] met the statutory criteria to be classified as a sexually violent predator.  …  I have also considered the report from Carol Herzon-Loney regarding [Appellant], the psychological evaluation and sexual risk assessment regarding [Appellant] performed by Dr. Dattilio as well as the follow-up report from Dr. Dattilio as well as the [c]ourt-ordered evaluation of [Appellant].
>
> I have also considered the sentencing memorandum submitted by the Commonwealth and defense counsel.  I have thoroughly reviewed all of these reports, and I have considered all of the recommendations and conclusions.  I have considered the testimony presented here today.  I have considered the statements made today by [Appellant], his counsel, counsel for the Commonwealth, Dr. Dattilio's testimony, and also the testimony of … Carol Herzon-Loney.
>
> In addition, I have considered the guideline form submitted to the [c]ourt and the letter previously submitted by Dr. Lieberman. …
>
> [Appellant], you stand before this [c]ourt after having pleaded guilty to the crime of sexual abuse of children, indecent contact depicted.  You are 29 years old, single, and have no children.  In terms of education you graduated from Kildonan School in Amenia, New York.  You attended one year of community college and also completed a law enforcement and security officer training academy offered by the Pennsylvania State Police.
>
> **Your work history has been consistent since you became an adult.  You have no history of drug and alcohol abuse.  Other than the current charges, you have never been arrested for any crime.  I have considered the fact that you pleaded guilty and took responsibility for your conduct**.

However, although you took responsibility for your conduct, you seem to blame it on someone when you – on someone who sent you a link to child pornography. The evidence presented does not indicate that this was some type of mistake on your part by wrongly clicking on a link. In addition, the [c]ourt is concerned that [Appellant's] possession and viewing of the child pornography which depicted penetration of children as young as 3 years old will lead to contact offenses with victims.

In fact, [Appellant] has admitted to the evaluators that he lured a 13-year-old girl to his car as he worked as a security guard at a fair when he was 19 years old. He kissed and touched the breasts of a 15-year-old girl when he was 23 years old. A 15-years-old girl entered his hotel room and grabbed his penis. And in 2019, as he was working at a wine and spirits store, a 15-year-old girl touched him on his inner thigh with her hand. Presentence investigation concludes that, quote, [Appellant's] prognosis for community adjustment must be noted as fair, end quote.

**I have weighed all the factors in your favor against the factors not in your favor**. I have considered your age, the information you have given me, the information in the presentence investigation, the psychosexual evaluation, sexual violent predator evaluation from the Pennsylvania Sexual Offenders Assessment Board, the report from Carol Herzon-Loney regarding [Appellant], a psychological evaluation, the sexual risk assessment regarding [Appellant] performed by Dr. Dattilio as well as a follow-up report from Dr. Dattilio, the [c]ourt-ordered evaluation as well. I have also considered the sentencing memoranda submitted by the Commonwealth and defense counsel.

I have thoroughly reviewed all of these reports and considered all of the recommendations and conclusions, the testimony presented today, the guideline forms, the statements made today by [Appellant], his counsel, counsel for the Commonwealth. **I have considered your family relationships and background, the fact that you pleaded guilty and took responsibility for your conduct**; however, although you took responsibility for your conduct you seem to blame it on someone who sent you a link to child pornography. …

\*\*\*

- 8 -

> **I have considered your lack of a criminal record**, your education, work history, whether you are a good candidate for rehabilitation, your potential rehabilitative needs, the protection of the public, the need to deter future similar conduct, the fact that a lesser sentence would depreciate the seriousness of the crimes, the recommendation of the prosecutor and the effect that your crime has had on the community.
>
> **I have considered all of the mitigating factors alluded to by defense counsel and witnesses for the defense and while I do not believe that these factors would rise to the level of a mitigated sentence, I have considered those factors in imposing a sentence at the lowest end of the standard range.** I could have imposed a minimum sentence anywhere from 30 months to 42 months as a minimum.
>
> Based upon the evidence presented by [defense counsel] and Dr. Lieberman's testimony and everything else presented, I have weighed those factors in your favor, and **those factors lead me to the conclusion that the mitigation that shall be given to [Appellant] will be mitigation in the standard range, to the bottom end of the standard range**.

N.T., 6/2/20, at 75-80 (emphasis added).

While the court did not specifically mention Appellant's intellectual disabilities, it referenced the presentence investigation report, along with Appellant's "education," "background," "potential rehabilitative needs," and "everything else presented." ***See id.*** The court summarized:

> Ultimately, we sentenced [Appellant] to the lowest end of a standard range sentence. As the record indicates, we imposed this sentence upon consideration of the following facts, among others: (1) [Appellant's] previous admitted contact with underage girls on four separate occasions; (2) his strong familial support and a lack of a criminal record; (3) the Pre-Sentence Report's conclusion that [Appellant's] prognosis for community adjustment was fair; (4) the fact that [Appellant] was in possession of child pornography depicting the penetration of children as young as three years old; and (5) the fact that [Appellant] both pleaded guilty and took responsibility for his conduct, but also seemed to

- 9 -

blame said conduct on someone who sent him a link to child pornography.

Trial Court Opinion, 12/22/20, at 35-36.

We discern no error. *See Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) ("Where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Contrary to Appellant's argument, the court "considered all of the mitigating factors," and explained, "while I do not believe that these factors would rise to the level of a mitigated sentence, I have considered the factors in imposing a sentence at the lowest end of the standard range." *See* N.T., 6/2/20, at 79; *see Fowler*, 893 A.2d at 767 ("[T]he standard range [] is presumptively where a defendant should be sentenced."); *see also Commonwealth v. Wright*, 600 A.2d 1289, 1291-92 (Pa. Super. 1991) (a trial court is not required to sentence in the mitigated or aggravated range, even when presented with mitigating or aggravating circumstances). Accordingly, no relief is due.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _9/16/2021_