J-S47022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KIRA PAIGE RUBENSTEIN :
:
Appellant : No. 1627 EDA 2023

Appeal from the Judgment of Sentence Entered May 3, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006337-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED MARCH 11, 2024**

Kira Paige Rubenstein appeals from the judgment of sentence imposed
after she pled guilty to multiple charges arising out of a burglary. She claims
that the trial court imposed a manifestly excessive sentence. Upon review,
we affirm.

Rubenstein is married to Craig Rubenstein. The two married in 2019,
when Rubenstein was 21 years old, almost half the age of her husband.

Saundra Pedersen is Mr. Rubenstein's ex-wife. Ms. Pedersen and Mr.
Rubenstein had a very difficult divorce. They share custody of their three
children. Their relationship continued to be tumultuous.

_____

[*] Former Justice specially assigned to the Superior Court.

Ms. Pedersen frequently would email or call Mr. Rubenstein and come to Rubensteins' house. These interactions were upsetting and distressing for Rubenstein.

On the evening of this incident, Rubenstein had been drinking. Ms. Pedersen sent Mr. Rubenstein a message, which, compounded by her alcohol consumption, triggered Rubenstein to go to Ms. Pedersen's home.

The trial court set forth the facts of the incident between Rubenstein and Ms. Pedersen as follows:

> On November 4, 2022, at approximately 12:52 a.m., [Officer Nolan of the Newtown Township Police Department] was dispatched to 12 Wellington Road, located in Newtown Township, Bucks County for the report of a burglary assault in progress. Upon [Officer Nolan's] arrival, [he] observed one of the victims, Austin Ritz, holding [Rubenstein] . . . . The victims, Mr. Ritz and Ms. Pedersen, reported [Rubenstein] unlawfully entered their home in the middle of the night, specifically going into their master bedroom, where both of them were sleeping.
>
> [Rubenstein] began strangling Ms. Pedersen as she was sleeping. She woke up to [Rubenstein] doing that to her. [Rubenstein] then was forced off of Ms. Pedersen by Mr. Ritz, who also sustained cuts and bruises while removing [Rubenstein] from Ms. Pedersen. At the time, Ms. Pedersen's [15-year-old autistic] daughter was down the hallway and [heard Rubenstein strangling Ms. Pedersen and Mr. Ritz pulling Rubenstein off of her mother].

Trial Court Opinion, 7/11/23, at 1-2. Rubenstein was arrested and charged.

On March 6, 2023, Rubenstein pled guilty to burglary—overnight accommodation, person present; criminal trespass; strangulation; disorderly

conduct; and public drunkenness.[1] On May 4, 2023, the trial court sentenced Rubenstein to 24 to 60 months' incarceration for the burglary conviction and a concurrent sentence of 24 months' probation for the strangulation conviction; the court imposed no further penalty for the remaining convictions. Rubenstein filed a post-sentence motion, which the court denied.

Rubenstein filed this timely appeal. She and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Rubenstein raises the following single issue:

A. Did the [trial] court abuse its discretion in sentencing [Rubenstein], by imposing a manifestly excessive sentence of not less than two nor more than five years, over-emphasizing reliance on improper reasons, relating to the nature of the offense, and failing to consider all relevant factors?

Rubenstein's Brief at 4.

Rubenstein challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3503(a)(1), 2718(a)(1), 5503(a)(1), and 5505.

(1) whether the appeal is timely; (2) whether [a]ppellant preserved [the] issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Rubenstein satisfied the first three requirements under *Colon*. Accordingly, we must consider whether Rubenstein raised a substantial question.

In her Rule 2119(f) statement, Rubenstein claims that the trial court abused its discretion by imposing a manifestly excessive sentence. Specifically, she argues that the court focused on the nature of the crime without considering Rubenstein herself, numerous mitigating factors, and her rehabilitative needs, particularly in light of her treatment after the incident. Rubenstein's Brief at 9.

This Court has held that sentencing an offender solely based upon the serious nature of the criminal act, and not all relevant factors, presents a substantial question for appellate review purposes. *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Additionally, a claim that a sentence is excessive, in conjunction with an assertion that the trial court failed to consider mitigating factors, presents a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en*

- 4 -

*banc*). Therefore, we will consider the merits of Rubenstein's sentencing claims.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)

When determining the appropriate sentence, the Sentencing Code requires the court to impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725; *Commonwealth v. Luketic*, 162 A.3d 1149, 1160–61 (Pa. Super. 2017). Thus, "a sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself." *Commonwealth v. Wright*, 600 A.2d 1289, 1291 (Pa. Super. 1991) (quotation marks and citation omitted). Furthermore, although sentencing is to be individualized, the court must also "consider" the sentencing guidelines adopted by the Pennsylvania Commission on

Sentencing. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Walls*, 926 A.2d 957, 963, (Pa. 2007).

Rubenstein claims that the trial court failed to consider her history, character, and condition, various mitigating factors, and her rehabilitative needs when it sentenced her. In particular, Rubenstein argues that the trial court did not consider her: troubled childhood, age (24), responsibility for two young children, lack of any substantial criminal history, strong character references, and her sincere remorse. Additionally, Rubenstein maintains that the court failed to consider the unique circumstances of this case which arose out of the turmoil of Rubenstein's husband's former marriage, the continued involvement of her husband's ex-wife in their life, and the resulting stress and effect on her mental health. Furthermore, Rubenstein argues that the court failed to consider the rehabilitative steps she had taken since the incident, which included therapy and attendance at Alcoholics Anonymous ("AA") meetings. Rubenstein's Brief at 18-22. Based upon all these factors, Rubenstein maintains that the court should have sentenced her in the mitigated range. *Id.* at 11, 24. However, according to Rubenstein, the trial court only considered the nature of the crime and the impact on the victims. *Id.* at 11, 22. As such, Rubenstein claims that the trial court abused its discretion. We disagree.

Initially, upon review of the record, we observe that the trial court sentenced Rubenstein within the standard range of the sentencing guidelines. The court noted that the sentencing guidelines for each offense was as follows:

burglary, standard range, 22 to 36 months, with a maximum sentence of 20 years; trespass, standard range, probation to 1 month, with a maximum sentence of 7 years; and strangulation, standard range, probation to 1 month, with a maximum sentence of 2 years.  N.T., 5/4/23, at 69.  The trial court's sentence of 24 to 60 months' incarceration for the burglary conviction with a concurrent sentence of 24 months' probation for the strangulation conviction was well within, and at the lower end of, the standard range of the sentencing guidelines.  "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."  *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

We further observe that, contrary to Rubenstein's claim, the trial court did not focus only on the crime itself but considered other factors.  The trial court heard testimony at the hearing from an expert witness, a psychologist who counseled Rubenstein, concerning Rubenstein's background and the difficulties she dealt with during her marriage.  The psychologist diagnosed Rubenstein with acute stress disorder and opined that she was unlikely to reoffend, this incident being an aberration.  Rubenstein's AA sponsor testified that Rubenstein worked very hard to change and had grown mentally and emotionally over the course of the program.

The trial court also heard from Rubenstein's husband who testified about the difficult position he put his wife in by subjecting her to the tumultuous relationship he had with his ex-wife; he blamed himself, partly, for what

happened. The court received numerous letters of support for Rubenstein from members of the community. Rubenstein herself addressed the court and expressed remorse and embarrassment; she fully accepted responsibility for her behavior. Counsel highlighted for the court Rubenstein's background, the circumstances leading up to this incident, the various mitigating factors, and, notably, her rehabilitation.

However, the trial court also heard from the victims. They told the court that this incident caused them severe stress and anxiety. Ms. Pedersen testified that she now suffers from depression. It has affected their ability to do everyday things like working and going outside. The children also suffer from negative effects.

Before imposing sentence, the trial court reviewed many of the relevant factors. N.T., 5/4/23, at 66-71. The court specifically stated that it considered the nature and character of Rubenstein. *Id.* at 67. The court noted Rubenstein's husband's testimony. *Id.* at 70. The court indicated that it appreciated the fact that Rubenstein had undergone therapy and attended AA meetings but pointed out that she only did so after she was arrested. *Id.* However, despite her efforts, the court observed that she still needed rehabilitation. *Id.* at 70. "[D]espite all of those factors," the court found that a sentence of incarceration was appropriate for Rubenstein. *Id.* at 71.

Furthermore, in its opinion, the trial court explained that "while this [c]ourt explicitly considered [Rubenstein's] mitigation evidence. . . the factors

favoring incarceration in a state correctional facility far outweighed" the mitigating factors." Trial Court Opinion, 7/11/23, at 7.

Based upon our review of the record, it is evident that the trial court considered Rubenstein's history, character, and condition, the various mitigating factors, and the rehabilitation she completed. The trial court imposed a sentence at the lower end of the standard range for two of the convictions and no sentence for the other convictions. Rubenstein's real argument is that the trial court did not accord these mitigating factors the weight she believed it should have. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Macias*, 968 A.2d at 778. Thus, we conclude that the trial court did not abuse its discretion when it sentenced Rubenstein.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2024