J-S04030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE LEE CANTELMO | : | |
| | : | |
| Appellant | : | No. 2018 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 26, 2025
In the Court of Common Pleas of Wayne County
Criminal Division at No:  CP-64-CR-0000427-2024

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 27, 2026**

Appellant, Dwayne Lee Cantelmo, appeals from the judgment of sentence entered June 26, 2025, in the Court of Common Pleas of Wayne County.  On appeal, Appellant challenges the discretionary aspects of sentence.  Upon review, we affirm.

The relevant background can be summarized as follows.  On May 1, 2025, after being colloquied, Appellant pled guilty to Driving Under the Influence of Alcohol/Drug (Count 2) and Driving While Operating Privilege is Suspended/Revoked (Count 3).  Subsequently,

> [Appellant] was sentenced on June 26, 2025.  As to Count 2, [Appellant] was ordered to (1) pay the costs of prosecution; (2) pay the mandatory minimum fine of $2,500; (3) undergo incarceration in a State Correctional Institution for a period of not less than 24 months nor more than 84 months; and (4) participate and cooperate with the drug and alcohol addiction treatment in accordance with his drug and alcohol assessment.  As to Count 3, [Appellant] was ordered to (1) pay the mandatory minimum fine

of $1,000; and (2) undergo incarceration in a State Correctional Institution for a period of 90 days, concurrent to Count 2.

Trial Court Opinion, 9/16/25, at 1-2.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues that the sentencing court abused its discretion by not sentencing Appellant under mitigated circumstances, considering his background. **See** Appellant's Brief at 10-11.[1]

As presented, Appellant's claim challenges the discretionary aspects of sentencing. **See, e.g., Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing); **Commonwealth v. Wright**, 600 A.2d 1289, 1290 (Pa. Super. 1991) (claim that sentencing court abused its discretion in imposing a sentence within the standard range of the guidelines when the circumstances warranted a sentence within the mitigated range treated as a challenge to the discretionary aspects of the sentence). **See also** Trial Court Opinion, 9/16/25, at 2.

Our standard for reviewing a claim challenging the discretionary aspects of a sentence is well-settled:

_____

[1] In his Rule 1925(b) Statement, Appellant raised similar challenges to the discretionary aspects of his sentence, namely: (1) trial court erred by not considering probation with county eligibility programs and (2) Appellant's sentence was unduly harsh given Appellant's physical and mental health. **See** Trial Court Opinion, 9/16/25, at 2.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

A review of the record reveals that Appellant failed to properly preserve the issue raised here either at sentencing or in a motion to reconsider and modify sentence. *See also* Trial Court Opinion, 9/15/26, at 3. Accordingly, the discretionary aspects challenge is waived. *See*, *e.g.*, *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013).[2]

---

[2] It is well-established that a defendant "cannot cure this waiver by including the challenge to the discretionary aspects of sentencing in his Rule 1925(b) statement." *Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 976 (Pa. Super. 2019).

- 3 -

Additionally, Appellant failed to raise a substantial question for our review. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted).

Appellant does not challenge a specific provision of the sentencing scheme nor cite any particular fundamental norm underlying the sentencing process that he believes was violated. Appellant's claim, in its entirety, consists of one sentence, namely: "Appellant contends that he should have been sentenced to a mitigated sentence given his good behavior since his incarceration and his willingness to attend and complete treatment." Appellant's Brief at 10-11. This amounts to a bald assertion devoid of supporting legal authority. Because Appellant failed to present a substantial question, this too would preclude us from considering this claim.[3] ***Commonwealth v. Reynolds***, 835 A.2d 720, 733 (Pa. Super. 2003).

_____

[3] It should also be noted that Appellant failed to include a R.A.P. 2119(f) statement in his brief. However, the Commonwealth did not object to this. Accordingly, the omission will not serve as a basis for dismissing his claim. ***See Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998) (*en*

*(Footnote Continued Next Page)*

The Commonwealth acknowledges that the sentence imposed on the conviction for driving while operating privilege is suspended did not conform with the dictates of **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021).[4] However, it also noted that Appellant did not raise the claim and that, even if raised, it would be moot because Appellant served the sentence imposed on that conviction. We agree.

Generally, where a defendant has served a sentence, questions raised about that sentence are considered moot because the court cannot enter an order that has any legal force or effect. **See**, **e.g.**, **Commonwealth v. Nava**, 966 A.2d 630, 632-33 (Pa. Super. 2009).

> Despite a determination that a case is moot, "[t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court."

**Id.** at 633 (citation omitted)

One exception potentially applicable here is the collateral consequence exception. However, there appear to be no criminal or civil consequences to

---

*banc*) ("If an appellant fails to comply with [Pa.]R.A.P. 2119(f) and appellee fails to object, this Court may review appellant's claims with regard to the discretionary aspects of sentence.").

[4] Our Supreme Court in **Eid** held that 75 Pa.C.S.A. § 1543(b)(1.1)(i) was unconstitutionally vague and inoperable because it only provided a minimum sentence, and not also a maximum term of incarceration, for an offense under that subsection. **See Eid**, 249 A.3d at 1044.

be endured by Appellant as the result of the sentence that has expired. On this basis, we find that a potential challenge to the legality of the sentence based on **Eid** would be moot. **See**, **e.g.**, **Commonwealth v. King**, 786 A.2d 993, 996 (Pa. Super. 2001) ("challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court"); **Commonwealth v. Kelly**, 418 A.2d 387, 388 (Pa. Super. 1980) ("When a defendant appeals his conviction after he has completed his sentence, the appeal is not moot if there is the possibility of collateral civil or criminal consequences as a result of the conviction.").

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  May 27, 2026