J-S38024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHEEM FERRON | : | |
| | : | |
| Appellant | : | No. 257 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000270-2021

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED DECEMBER 19, 2023**

Dasheem Ferron appeals from the judgment of sentence imposed after he pled guilty to persons not to possess a firearm.[1]  Ferron challenges the discretionary aspects of his sentence.  Additionally, his counsel asked to withdraw representation and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

In April 2020, Ferron was arrested and charged with multiple firearm violations [2] following a narcotics surveillance.  On December 10, 2021, Ferron

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

[2] Ferron was also charged separately with possession of marijuana and crack cocaine arising from this incident.  He subsequently pled guilty to possession with intent to deliver-marijuana.  The instant appeal does not involve that case.

entered a non-negotiated plea to persons not to possess a firearm. The Commonwealth withdrew the remaining charges. On February 11, 2022, the trial court sentenced Ferron to 5 to 10 years' incarceration. On February 16, 2022, Ferron filed a post-sentence motion, which the court denied. No appeal was filed at that time.

Following an amended Post Conviction Relief Act ("PCRA")[3] petition and the Commonwealth's agreement, the court reinstated Ferron's direct appellate rights.

Ferron filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Ferron did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Ferron's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Ferron stating counsel's

intention to seek permission to withdraw and advising Ferron of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Ferron's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Ferron desires to challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Ferron has satisfied the first and third requirements under **Colon**. Because Ferron raises several issues in his Rule 2119(f) statement, we must consider whether he satisfied the third and fourth requirements for each issue.

In his Rule 2119(f) statement, Ferron claims that the trial court: 1) failed to provide an "express factor by factor explanation" for its sentence at the sentencing or the motion for reconsideration hearing; 2) imposed an excessive sentence and did not "properly" consider the mitigation evidence presented by Ferron via witnesses and letters; and 3) failed to balance the seriousness of the crime with his need to get back to his family and the community. *Anders* Brief at 17.

Upon review of the record, we observe that Ferron did not preserve his first sentencing claim, and therefore, in accordance with *Colon*, we cannot consider it. However, Ferron preserved the remaining claims. Accordingly, we must determine whether they raise a substantial question.

Regarding his second claim, this Court has held on numerous occasions that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015). However, we have also held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* at 770. Here, Ferron's second claim is that the trial court did not *adequately* consider certain mitigating factors. As such, this claim does not raise a substantial question.

Regarding his third claim, this Court has held that sentencing an offender solely based upon the serious nature of the criminal act, and not all relevant factors, presents a substantial question for appellate review

purposes. ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009).

We interpret Ferron's third claim as the court focused on the seriousness of

the crime without considering other relevant factors. As such, we will review

the merits of this sentencing claim.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006)

On appeal, Ferron claims that his 5 to 10-year sentence was excessive

and clearly unreasonable. He argues that the court focused on the gravity of

the offense and did not consider other relevant factors. According to Ferron,

the objectives of protecting the public and his rehabilitation could have been

achieved with a shorter sentence given his amenability to rehabilitation.

Ferron maintains that this is particularly so given that another judge

subsequently sentenced him in a separate case to a lengthy sentence to be

served consecutive to this one. ***Anders*** Brief at 18, 21-22.

A fundamental norm in the sentencing process is that a defendant's

sentence be individualized. The Sentencing Code requires the court to

consider the protection of the public, the gravity of the offense in relation to

its impact on the victim and the community, and the rehabilitative needs of

the defendant. The Code prohibits a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citing 42 Pa.C.S.A. § 9721); 42 Pa.C.S.A. § 9725.

As our Supreme Court explained in *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988):

> The philosophy of indeterminate or individualized sentencing was explicitly recognized by the Pennsylvania Legislature early in this century. Courts are not permitted to mete out punishment based on the mere fact of the crime. On the contrary, sentencing must result both from a consideration of the nature and circumstances of the crime as well as the character of the defendant.

*Id*. at 13 (footnote omitted). Thus, "a sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself." *Commonwealth v. Wright*, 600 A.2d 1289, 1291 (Pa. Super. 1991) (quotation marks and citation omitted).

Here, we initially observe that the court, in sentencing Ferron, had a pre-sentence investigation report ("PSI"), and thoroughly reviewed it. N.T., 2/11/22, at 4. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and consideration, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Additionally, the court was informed that, based on a prior record score of 4 and an offense gravity score of 11, the sentencing guidelines recommended a standard range, minimum sentence of 60 to 78 months' incarceration. N.T., 2/11/22, at 17. The court imposed a minimum sentence at the lowest end of this range. As such, we consider Ferron's sentence appropriate. *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Nevertheless, the trial court heard testimony from four family members and received several letters in support of Ferron's character. The court heard about the difficult circumstances of Ferron's life, in particular, the violent killing of his friend standing right in front of him, and the loss of his brother. The court was informed further that Ferron helps take care of his four children, a disabled individual who is like a sister to him, and his nephews who lost their father. The family is very close. The court was told that Ferron will have support from his family when he returns home including a place to live, financial support, and a job.

The trial court also heard from Ferron himself. He told the court that before this arrest, he was working, was enrolled in school, and was doing well. But his friend's murder traumatized him and led him to start carrying a gun. He asked the court to consider the impact this had on him, resulting in his firearm violation. Ferron admitted he made some bad decisions.

The trial court indicated that it listened carefully to those who testified on his behalf and acknowledged these circumstances. Additionally, the court indicated that it carefully considered the sentencing guidelines. The court recognized that Ferron was not fighting or being violent with the gun at the time of this incident and that this was his first offense involving a gun. But the court emphasized that Ferron was informed specifically, at the time of his prior conviction and ensuing violation hearings, that he was prohibited from having a gun. The court also considered his rehabilitative needs by observing that Ferron had committed numerous, fairly serious offenses. Lastly, the court noted that it could not control another judge's sentencing and was unwilling to modify its sentence as Ferron requested. N.T., 2/11/22, at 39-40; N.T., 6/24/22, at 13-16.

Based upon our review of the sentencing transcript, it is evident that the trial court considered all relevant factors in this case and did not base Ferron's sentence only on the crime itself. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Macias*, 968 A.2d at 778. Therefore, we conclude that the trial court did not abuse its discretion when it sentenced Ferron.

For the foregoing reasons, we conclude that Ferron's sole claim on appeal is frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we

agree that the appeal is wholly frivolous. Consequently, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023